## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROBERT M. ATHEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 99-2051C |
| | ) | (Judge Patricia E. Campbell-Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AGREEMENT AND ULTIMATELY FOR THE COURT TO ISSUE A FINAL ORDER OF JUDGMENT

Plaintiffs' respectfully submit this Motion to Approve the Settlement Agreement entered into by the parties, attached hereto as Exhibit 1.

Concurrently, Plaintiffs have moved, with the approval of Defendant, to withdraw "Plaintiffs' Motion For Partial Summary Judgment With Respect To Sunday Differential Premium Under The Back Pay Act," ECF No. 270.

Plaintiffs also move for the court to conduct a status conference as soon as possible in order to discuss the procedural steps which the court deems necessary in order ultimately to enter a Final Order of Judgment in the amount of $637,347.37 with respect to payment of damages for payment of unused annual leave pursuant to the conditions reflected in the attached Settlement Agreement.

Plaintiffs' counsel, Mr. Lechner, and Defendant's counsel, Ms. Stern, have concluded discussions with respect to the settlement of this case as to back payments for unused annual leave to all qualified members of the class who filed timely claims with the Class Action Administrator, exclusive of night premium pay or weekend additional pay as part of their lump-sum payment, and pre-judgment interest as well as attorney fees and expenses, pursuant to the

Back Pay Act.  Plaintiffs respectfully submit that with the issuance of a Final Order of Judgment, those excluded issues now are timely for Plaintiffs to appeal to the United States Court of Appeals for the Federal Circuit.

Defendant's damages expert and Plaintiffs' mathematician have completed their examination of damages in order to produce a list of claimants who are due positive back payments for unused annual leave pursuant to the court's Opinion and Order, ECF No. 242, August 31, 2015, without the application of night premium pay or weekend additional pay, and without interest, attorney fees and expenses pursuant to the Back Pay Act.  As noted previously to the court, the computations of back lump-sum payments to which the parties have agreed are labor intensive efforts which are dependent upon the content of payroll records which go back twenty-two (22) years.

For the purpose of settling this action, and without there being any trial or adjudication of any issue of fact regarding this action, and without constituting an admission of liability upon the part of either party, the parties have stipulated as follows:

1.  On June 21, 2006, Plaintiffs filed their initial "Class Action Complaint for Money Damages."

2.  Plaintiffs alleged that their lump-sum payments for unused annual leave improperly omitted cost of living increases (COLAs), locality pay adjustments, Sunday premium pay, night premium pay or weekend additional pay to which they allegedly were entitled, pursuant to the Lump-sum payment statute, 5 U.S.C. § 5551.  They also sought interest and attorney fees pursuant to the Back Pay Act (BPA), 5 U.S.C. § 5596.

3.  In a decision dated August 23, 2007, the court held that Plaintiffs were not entitled to the inclusion of night premium pay or weekend additional pay in their lump-sum pay.  The court

also held that Plaintiffs were not entitled to pursue lump sums that reflected the inclusion of Sunday pay on or after October 1, 1997.  The ruling did not address Plaintiffs' claims for lump sums that reflected the inclusion of Sunday premium pay before October 1, 1997.

4.   On November 5, 2010, the court issued an order certifying an opt-in class, approving notice to the potential class, approving class counsel, and appointing a class administrator, Epiq Systems Inc..

5.   Notices were mailed to potential class members, who were informed that they could opt-in to the class action until April 24, 2012.

6.   A total of 3,168 individuals timely filed opt-in forms with the class administrator.

7.   On April 28, 2014, the court held that class members who were former General Schedule employees of the VA were entitled to have COLAs and locality pay included in their lump-sum payment for unused annual leave.

8.   On August 31, 2015, the court held that Plaintiffs' lump-sum payments were not "pay" under the BPA and that, therefore, Plaintiffs were not entitled to interest or attorney fees and expenses pursuant to the BPA.

9.   Plaintiffs and the United States entered into discussions to attempt to resolve Plaintiffs' claims for COLA, locality pay, and Sunday premium pay that were not included in the original lump-sum payments for unused annual leave of class members.  In light of the Court's August 23, 2007 order, Sunday premium pay was limited to the years prior to October 1, 1997.

10.   As a result of these discussions, Plaintiffs offered to settle all claims of the class members for COLA, locality pay, and Sunday premium pay in exchange for payment by the United States of $637,347.37 (the "Settlement Amount").  The Settlement Amount consists of:

$570,374.49 in lump-sum payment and $66,972.88 for the employer's contribution of employment related taxes. Plaintiffs' offer does not include Plaintiffs' claims for night and weekend additional pay, interest pursuant to the BPA, or attorney fees and expenses. Plaintiffs' offer of settlement was accepted by Defendant on May 18, 2017.

11. Upon satisfaction of the terms set forth in the Settlement Agreement, paragraph 10, Plaintiffs release, waive, and abandon all claims for COLAs, locality pay, and Sunday premium pay against the United States, its political subdivisions, its officers, agents, and employees, arising out of the complaint or otherwise involved in this case, regardless of whether they were included in the complaint, excluding any Plaintiffs' claims for night and weekend additional pay, interest pursuant to the BPA, and attorney fees and reasonable attorney expenses pursuant to the BPA.

12. The Settlement Agreement and the terms therein have been approved by the Attorney General of the United States on behalf of Defendant.

WHEREFORE, Plaintiffs respectfully move that the court proceed to consider approval of the Settlement Agreement. Plaintiffs respectfully suggest that the court conduct a early status conference to decide on the procedural steps going forward which would lead ultimately to the entry of an appealable Final Order.

May 19, 2017                                    Respectfully submitted,

                                               s/Ira M. Lechner
                                               IRA M. LECHNER
                                               Plaintiffs' Counsel/Class Counsel
                                               1127 Connecticut Ave., NW, Ste. 106
                                               Washington, D.C. 20036
                                               (858) 864-2258
                                               iralechner@yahoo.com
                                               Attorney for Plaintiffs

4