Exhibit 1

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROBERT M. ATHEY *et al.*, ) <br> on behalf of themselves and all others ) <br> similarly situated, ) <br> ) <br>                 Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br>                 Defendant. ) <br> ) | Case No. 99-2051C <br> (Judge Patricia Campbell-Smith) |

SETTLEMENT AGREEMENT

For the purpose of settling this action, and without there being any trial or adjudication of any issue of fact regarding this action, and without constituting an admission of liability upon the part of either party, the parties hereby stipulate as follows:

1. On June 21, 2006, plaintiffs filed their initial "Class Action Complaint for Money Damages."

2. Plaintiffs alleged that their lump-sum payments for unused annual leave improperly omitted cost of living increases (COLAs), locality pay adjustments, Sunday premium pay, night premium pay, or weekend additional pay to which they allegedly were entitled, pursuant to the Lump-sum pay statute, 5 U.S.C. § 5551.  They also sought interest and attorney fees pursuant to the Back Pay Act (BPA), 5 U.S.C. § 5596.

3. In a decision dated August 23, 2007, the Court held that plaintiffs were not entitled to the inclusion of night premium pay or weekend additional pay in their lump-sum pay.  The Court also held that plaintiffs were not entitled to pursue lump sums that reflected Sunday pay on or

after October 1, 1997.  The ruling did not address plaintiffs' claims for lump sums that reflected Sunday premium pay before October 1, 1997.

4.  On November 5, 2010, the Court issued an order certifying an opt-in class, approving notice to the potential class, approving class counsel, and appointing a class administrator, Epiq Systems Inc.  Attachment 1.

5.  Notices were mailed to potential class members, who were informed that they could opt-in to the class action until April 24, 2012.

6.  A total of 3,168 individuals timely filed opt-in forms with the class administrator.

7.  On April 28, 2014, the Court held that class members who were former General Schedule employees of the VA were entitled to have COLAs and locality pay included in their lump-sum payment for unused annual leave.

8.  On August 31, 2015, the Court held that plaintiffs' lump-sum payments were not pay under the BPA and that, therefore, plaintiffs were not entitled to interest or attorney fees pursuant to the BPA.

9.  Plaintiffs and the United States have entered into discussions to attempt to resolve plaintiffs' claims for COLA, locality pay, and Sunday premium pay that were not included in the lump-sum payments for unused annual leave of class members.  In light of the Court's August 23, 2007 order, Sunday premium pay was limited to the years prior to October 1, 1997.

10.  As a result of these discussions, plaintiffs have offered to settle all claims of the class members for COLA, locality pay, and Sunday premium pay in exchange for payment by the United States of $637,347.37 (the "Settlement Amount").  The Settlement Amount consists of: $570,374.49 in lump sum pay and $66,972.88 for the employer's contribution of employment

related taxes.  Plaintiffs' offer does not include plaintiffs' claims for night and weekend additional pay, interest pursuant to the BPA, or attorney fees and expenses.

11.  Upon satisfaction of the terms set forth in paragraph 10, plaintiffs release, waive, and abandon all claims for COLAs, locality pay, and Sunday premium pay, against the United States, its political subdivisions, its officers, agents, and employees, arising out of the complaint or otherwise involved in this case, regardless of whether they were included in the complaint, excluding any plaintiffs' claims for night and weekend additional pay, interest pursuant to the BPA, and attorney fees and reasonable attorney expenses pursuant to the BPA.

Disbursement of the Settlement Amount

12.  The class action administrator will establish a Settlement Trust, designated the "Athey Class Settlement Trust" (Settlement Trust) to disburse the proceeds of the settlement. The administration and maintenance of the Settlement Trust will be the sole responsibility of the class action administrator. Plaintiffs represent that they intend to file promptly a Notice of Appeal to the United States Court of Appeals for the Federal Circuit with respect to the Court's denial of plaintiffs' claims for night and weekend additional pay, interest pursuant to the BPA, and attorney fees and reasonable attorney expenses as well as fees and expenses of the Administrator pursuant to the BPA. The parties agree that during the pendency of the appeal, the class administrator shall hold the proceeds of the settlement in the Settlement Trust, without any distribution thereof, until the culmination of plaintiffs' appeal, and thereafter, only pursuant to the affirmative Orders of the United States Court of Appeals for the Federal Circuit and the United States Court of Federal Claims.

13.  Pending approval by the Court, as described in the "Fairness Hearing" portion of this agreement, the United States will pay the Settlement Amount, $637,347.37, to the Settlement

3

Trust within 30 days of the Court's order granting final approval of the settlement. The parties agree that, unless otherwise specified herein, or by virtue of Orders issued by the Court of Appeals or by the Court of Federal Claims, the United States' obligations and duties to plaintiffs and to the class members under this agreement will be fully satisfied upon payment by the United States of the Settlement Amount to the Settlement Trust. The United States makes no warranties, representations, or guarantees concerning any disbursements that the Settlement Trust makes, or fails to make, to any potential claimants.

14. The class action administrator is solely responsible for payment of any applicable taxes, including all Federal, state, and local taxes, owed as a result of the disbursement of the settlement proceeds.

15. The class action administrator will make payments in the form of a check from the Settlement Trust, mailed to the last known address of each class member. If a class member's settlement check is returned as undeliverable, the class action administrator shall make a reasonable attempt to locate a mailing address for that class member and re-mail the check once, but only if the check is returned within 90 days of the date it was mailed.

16. In the event the class action administrator is unable to locate a valid mailing address, after undertaking the efforts discussed in paragraph 15, the amount represented by that check shall revert to the Settlement Trust. In the event a class member loses, destroys, or is unable to take possession of a settlement check, the class action administrator will void the original check and then reissue a new check to the class member, but only if a request to reissue the check is made by the class member and received by the class action administrator within 90 days of the issuance of the original check. Any such request must be sent by mail to the class action administrator.

17. If any settlement payment check remains uncashed 90 days after issuance, that check shall be void, and the amounts represented by that uncashed check shall revert to the Settlement Trust.

18. After paying all approved claims and all fees and expenses approved by the Court, the class action administrator shall return any amount that remains in the Settlement Trust to the United States, with a cover letter attaching this settlement agreement and identifying the amount returned pursuant to this paragraph. The letter and any returned proceeds shall be addressed to: Department of Justice, Civil Division, Attn: Director, National Courts Section, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044.

Payment Of Taxes

19. In accordance with Federal, state and local tax laws, the class action administrator shall calculate the amount to be withheld from each claimant's individual settlement payment, as required by applicable legal requirements. The class action administrator shall timely remit such withheld funds, plus any employer's contributions for Social Security and Medicare, Federal and state unemployment taxes, and other employer-side payroll taxes, to the appropriate Federal, state, and local authorities and shall report such withholdings and remissions to the appropriate authorities as required by law (*e.g.* Form W-2). The class action administrator shall timely provide each class member that it pays, with the appropriate documentation of the submissions and remissions.

20. If class members have any disagreements or concerns regarding the calculation and withholding of taxes, the class members shall resolve these concerns with the class action administrator. Except as otherwise specified in this agreement, the United States will have no

role or obligation in calculating, withholding, or confirming the applicable taxes for each class member.

21. Portions of any individual settlement award **not** subject to withholding will be issued with the appropriate tax form (*e.g.,* IRS Form 1099). Class members shall be responsible for remitting to state and Federal taxing authorities any taxes due other than the amounts withheld from their lump sum payment and the amount of the employer's contribution. Class Members shall hold the defendant, class counsel and the class action administrator harmless and shall indemnify the defendant, class counsel and the class action administrator for any liabilities, costs and expenses, including attorney fees, assessed or caused by any such taxing authority relating in any way to any taxes due, other than the amounts withheld from their lump sum award and the amount of the employer's contribution.

<u>Fairness Hearing</u>

22. As soon as possible and in no event later than 10 business days after the execution of this agreement, class counsel shall submit to the Court a motion for approval of the settlement contemplated by this agreement. The motion shall include (a) the proposed form of the order preliminarily approving this agreement, and (b) the proposed form of notice of the settlement to members of the class by publication on the website created for this class action. The parties shall request that a decision on the motion for preliminary approval of the settlement and on the proposed form of notice of the settlement be made promptly on the papers or that a hearing on the motion for preliminary approval of the settlement be held at the earliest date available to the Court.

23. Within ten days of the Court's preliminary approval of this settlement and of the proposed notice to the class members, the class action administrator shall, by publication on the

website created for this class action, notify all class members of the terms of this settlement, the procedures for allocating and distributing funds paid pursuant to this settlement, the date upon which the Court will hold a "Fairness Hearing" pursuant to the Rules of the Court of Federal Claims (RCFC) 23(e), and the date by which class members must file their written objection, if any, to the settlement.

24. Any class member may express to the Court his or her views in support of, or in opposition to, the fairness, reasonableness, and adequacy of the proposed settlement. If a class member objects to the settlement, that objection will be considered only if received no later than 30 days following the notice date. The objection shall be filed with the Court, with copies provided to class counsel and defendant's counsel, and the objection must include a signed, sworn statement that (a) identifies the case name and number, (b) describes the basis for the objection, including all citations to legal authority and evidence supporting the objection, (c) contains the objector's name, address, and telephone number, and if represented by counsel, the name, address, email address, and phone number of counsel, (d) indicates whether the objector has filed a claim form and opted in to the case, and (e) indicates whether the objector intends to appear at the fairness hearing.

25. Class counsel and defendant's counsel may respond to any objection within 14 days after receipt of the objection.

26. Any class members who submit a timely objection to the proposed settlement may appear in person or through counsel at the fairness hearing and be heard to the extent allowed by the Court. Any class members who do not make and serve written objections in the manner provided in paragraph 24 shall be deemed to have waived any such objections and shall forever be foreclosed from making any objections (by appeal or otherwise) to the proposed settlement.

27. After the deadline for filing objections and the responses to objections has lapsed, the Court will hold a final approval hearing at which it will consider any timely and properly submitted objections made by class members to the proposed settlement. The Court will decide whether to approve the settlement and any award of reasonable charges and expenses to be paid to the class action administrator from the lump sum pay portion of the settlement amount. The parties shall request that the Court schedule a final approval hearing no later than 30 days from the notice date.

28. If this settlement is not approved by the Court in its entirety, this settlement agreement will be void and of no force and effect whatsoever.

<u>Wrap-up Of Settlement Trust</u>

29. Within 180 days of the date upon which the class action administrator mails the last settlement check, including any replacement checks, the class action administrator will provide the parties, through the parties' attorneys of record in this matter, with a full and final written accounting of all payments made from the Settlement Trust, including any funds returned to the United States. Within fifteen days of the date that accounting is sent to the parties, the parties will confer to determine whether they are satisfied with the accounting. If not, they will attempt in good faith to resolve any dissatisfaction with the class action administrator. If either party is not satisfied after such good faith efforts, either party may petition the Court to resolve the matter.

Miscellaneous Terms

30.  This settlement agreement is for the purpose of settling plaintiffs' claims for COLA, locality pay, and Sunday premium pay that was not included in the lump-sum payments for unused annual leave of class members, and does not include plaintiffs' claims for night and weekend additional pay, interest pursuant to the Back Pay Act, and attorney fees and reasonable attorney expenses, and for no other purpose.  Accordingly, the terms of this settlement agreement shall not bind the parties, nor shall it be cited or otherwise referred to in any proceedings, whether judicial or administrative in nature, in which the parties or counsel for the parties have or may acquire an interest, except as is necessary to effect the terms of this agreement.

31.  This settlement agreement sets forth the entire agreement of the parties with respect to the subject matter hereof as to all class members.  No modification or addition to this agreement or waiver of any right herein will be effective unless it is approved in writing by counsel for the parties and by the Court.  The parties agree that each fully participated in the drafting of this stipulation.

32.  In the event that a party believes that the other party has failed to perform an obligation required by this settlement agreement or has violated the terms of the stipulation, the party who believes such a failure has occurred must so notify the other party in writing and afford it 45 days to cure the breach, prior to initiating any legal action to enforce this settlement agreement or any of its provisions.

33.  The parties agree to cooperate fully with each other and the class action administrator to effectuate this settlement agreement and to resolve any matters that may arise with respect to effectuation or interpretation of the settlement agreement that are not expressly resolved by this stipulation.

34. Plaintiffs' counsel represents that he has been and is authorized to enter into the agreement on behalf of plaintiffs.

35. This document constitutes a complete integration of the agreement between the parties and supersedes any and all prior oral or written representations, understandings or agreements among or between them.

AGREED TO:

s/Ira M. Lechner
IRA M. LECHNER
Plaintiffs' Counsel/Class Counsel
1127 Connecticut Ave., NW, Ste. 106
Washington, D.C. 20036
(858) 864-2258
iralechner@yahoo.com
Attorney for Plaintiffs

                    CHAD A. READLER
                    Acting Assistant Attorney General

                    ROBERT E. KIRSCHMAN, JR.
                    Director

                    s/Reginald T. Blades, Jr.
                    REGINALD T. BLADES, JR.
                    Assistant Director

                    s/Hillary A. Stern
                    HILLARY A. STERN
                    Senior Trial Counsel
                    Commercial Litigation Branch
                    Civil Division
                    Department of Justice
                    P.O. Box 480
                    Ben Franklin Sta.
                    Washington, D.C.  20044
                    Tele: (202) 616-0177
                    Facsimile: (202) 305-7643
                    Attorneys for Defendant